**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>HANNAH WOLDEYOHANNES,<br><br>*Debtor* | Case No.: 11-20003 (AMN)<br>Chapter 7<br><br><br>Re: ECF Nos. 215, 217, 248, 251 |

# MEMORANDUM OF DECISION
# AND ORDER REOPENING CASE FOR A LIMITED PURPOSE

The Chapter 7 debtor Hannah Woldeyohannes ("Debtor") commenced this Chapter 7 bankruptcy in 2011, and the Clerk closed the case in 2014 (the "2011 Case"). On February 20, 2025, Alyssa S. Peterson filed a motion to reopen the 2011 Case ("Motion to Reopen") pursuant to 11 U.S.C. § 350(b). ECF Nos. 215, 217. Ms. Peterson was a creditor in the 2011 Case, and a plaintiff in an adversary proceeding against the Debtor that was mooted by the Debtor's waiver of her Chapter 7 discharge. *See* Case No. 11-02023, AP-ECF No. 42.

Bankruptcy Code § 350(b) permits a bankruptcy case to be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). For the reasons discussed below, the Motion to Reopen will be granted for a limited purpose. Familiarity with the record and facts of the case is assumed. *See also* Case No. 18-21369, ECF No. 317 (the "Decision Reopening the 2018 Case").

*Background*

In 2018, Ms. Peterson and another creditor filed an involuntary Chapter 7 bankruptcy petition against the Debtor pursuant to 11 U.S.C. § 303 (the "2018 Case").[1] Case No. 18-21369, ECF No. 1.  The Debtor did not contest the petition, and the court entered an order for relief on September 25, 2018.[2]  Case No. 18-21369, ECF No. 13.

Recently, the 2018 Case was reopened, *sua sponte*, for the limited purpose of determining the appropriate amendment to an Order Granting Motion to Approve Private Sale (ECF No. 122, the "Sale Order") approving the 2018 Case's Chapter 7 Trustee's proposed sale of whatever membership interest the Debtor owned in a limited liability company called A to Zee, LLC ("A to Zee") on the date of the order for relief of the 2018 Case.  Case No. 18-21369, ECF Nos. 122, 136.  The Sale Order was slightly different than what the Chapter 7 Trustee originally proposed in her motion, creating an ambiguity about what exactly was sold.  Case No. 18-21369, ECF Nos. 122, 136.  The case was reopened to amend the Sale Order to correspond with the property of the bankruptcy estate the Trustee proposed to sell.  Case No. 18-21369, ECF No. 317.  *See In re Woldeyohannes*, 665 B.R. 543 (Bankr. D. Conn. 2024), *appeal dismissed*, No. 3:24-CV-01590 (KAD), 2025 WL 1696209 (D. Conn. June 17, 2025).

Subsequently, the Debtor appealed the Decision Reopening the 2018 Case, but the District Court dismissed the appeal because the order was not a final order.  *In re Woldeyohannes*, No. 3:24-CV-01590 (KAD), 2025 WL 1696209, at *5 (D. Conn. June 17,

---

[1]    Title 11, United States Code, is the "Bankruptcy Code."  References to statutory sections are to the Bankruptcy Code unless otherwise specified.

[2]    Because it was an involuntary Chapter 7 Case, the petition date and the date the order for relief entered are different.  11 U.S.C. § 303(h).  In voluntary cases, the dates are the same.

2025). A few months following the Decision to Reopen the 2018 Case, Ms. Peterson filed the Motion to Reopen in this 2011 case.

*Ms. Peterson's Purpose in Seeking to Reopen the 2011 Case*

Ms. Peterson seeks to reopen the 2011 Case "to review orders and trustee reports related to Debtor's unscheduled assets [and] to effect a proposed sale of the unscheduled assets to [Ms. Peterson] …." ECF No. 217, p. 3. The unscheduled assets appear to be a 75% interest in A to Zee.

The Decision Reopening the 2018 Case briefly discussed the concept of abandonment in bankruptcy cases and its effect on any unscheduled assets in the 2011 Case and the eventual Sale Order in the 2018 Case. Case No. 18-21369, ECF No. 317, p. 22-23. The court observed, "[t]he Chapter 7 Trustee's final report in the 2011 Case noted the Debtor's 25% interest in A to Zee was scheduled, but a 'possible interest in A to Zee' was unscheduled." Case No. 18-21369, ECF No. 317, p. 10. Ms. Peterson acknowledges the Motion to Reopen is based on her newly acquired understanding of abandonment pursuant to 11 U.S.C. § 554 following this court's discussion of the concept in the Decision Reopening the 2018 Case. ECF No. 217, p. 13.

In addition to Ms. Peterson's Motion to Reopen, she also filed a nearly 100-page Adversary Proceeding Complaint and a related Request for Judicial Notice of Hartford Superior Court Decisions. ECF Nos. 248, 251. The 26-count complaint generally asserts allegations of fraud and violations of the Racketeer Influenced and Corrupt Organizations Act against the Debtor, her family members, and prior counsel. The complaint seeks injunctive relief in the form of a temporary restraining order "placing control of A to Zee,

LLC property assets and funds to a receiver." For the reasons that follow, the court will take no action on either the complaint or the request for judicial notice.

*Standard to Reopen a Closed Bankruptcy Case*

As noted, a bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). Although the Bankruptcy Code does not define "cause," the decision to reopen or not is left to the discretion of the bankruptcy court, which may consider numerous factors, including equitable concerns. *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997). *See e.g.*, *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) ("Bankruptcy courts have broad discretion when deciding whether to reopen a closed case.") (citations omitted); *Zinchiak v. CIT Small Bus. Lending Corp.*, 406 F.3d 214, 223 (3d Cir. 2005) (recognizing that "bankruptcy courts have broad discretion to reopen cases"). "A bankruptcy judge's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) shall not be disturbed absent an abuse of discretion." *Harbour Trust Co. v. Aaron (In re Plusfunds Group, Inc.)*, 589 F. App'x 41, 42 (2d Cir. 2015) (citing *Smith v. Silverman (In re Smith)*, 645 F.3d 186, 189 (2d Cir. 2011)).

Courts consider various factors in determining whether there is "cause" to reopen a bankruptcy case pursuant to 11 U.S.C. § 350(b). The most relevant factors in this case are:

(1) the length of time that the case was closed;
(2) whether any parties would suffer prejudice should the court grant or deny the motion to reopen;
(5) the extent of the benefit to the debtor by reopening; and
(6) whether it is clear at the outset that no relief would be forthcoming by granting the motion to reopen.
*In re Solutia, Inc.*, 653 B.R. 99, 113 (Bankr. S.D.N.Y. 2023) (citing *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y 2013)).

4

Although there is no statutory deadline to file a motion to reopen pursuant to § 350(b), "[t]he longer the time between the closing of the estate and the motion to reopen . . . the more compelling the reason for reopening the estate should be." *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991) (citing *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962)); *accord Bank of America, N.A. v. Rodriguez*, 558 B.R. 945, 949 (S.D. Fla. 2016); *Brown v. UAL Corp. (In re UAL Corp.)*, 809 F.3d 361, 364 (7th Cir. 2015); *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 543 (8th Cir. 2005).

"It is well-recognized that a bankruptcy proceeding may be reopened to administer estate assets and to determine whether additional assets may be available for creditors of the estate." *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011) (quoting *In re Zinchiak*, 406 F.3d 214, 224 (3d Cir. 2005). "[T]he debtor's rights to estate assets, including prepetition claims, 'are extinguished unless the asset is abandoned back to the debtor [by the trustee].'" *In re Arana*, 456 B.R. at 169-70 (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). *See* 11 U.S.C. § 554. The decision to reopen a case is generally ministerial and presents a limited range of issues, including whether further administration of the estate appears to be warranted. *In re Arana*, 456 B.R. at 172 (citing *In re Apex Oil Co.*, 406 F.3d at 543).

A reopening order that resolves no discrete claim and awards no relief is not a final order subject to appeal. *In re Woldeyohannes*, No. 3:24-CV-01590 (KAD), 2025 WL 1696209, at *5 (D. Conn. June 17, 2025); *see e.g.*, *In re Cusson*, 412 B.R. 646, 652 (D. Vt. 2009) (a decision to reopen a debtor's bankruptcy case was not a final appealable order pursuant to 28 U.S.C. § 158(a)(1)); *In re Chateaugay Corp.*, 880 F.2d 1509, 1511 (2d Cir. 1989) (noting that while the concept of finality is more flexible in bankruptcy than

in ordinary civil litigation, a final order is one that "disposes of discrete disputes within the larger case"); *Off. Creditors Comm. of Indus. Ceramics v. Indus. Ceramics Assocs.*, 252 B.R. 296, 299-300 (W.D.N.Y. 2000) ("[F]or a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief.")

*Abandonment*

The Chapter 7 Trustee did not file a notice of abandonment for any asset in the 2011 Case. Bankruptcy Code § 554 provides for a trustee to take affirmative acts of abandonment as well as automatic abandonment of scheduled assets upon the final administration of a case. However, only property listed in a debtor's bankruptcy schedules is automatically abandoned upon the closure of a bankruptcy case. Under § 554, property that is not abandoned and not administered remains property of the bankruptcy estate. "There is simply no such concept of 'assumed abandonment,' .... It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to [11 U.S.C.] § 521(1)." *Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir. 1995) (cleaned up). Assets not scheduled are not abandoned when the case closes, even where the trustee knows of them. *In re Balonze*, 336 B.R. 160, 171 n.23 (Bankr. D. Conn. 2006); accord, *In re Haralambous*, 257 B.R. 697, 699 (Bankr. D. Conn. 2001) (collecting cases).

*Discussion*

Ms. Peterson argues there may be unadministered assets in the 2011 Case's estate related to Debtor's interest in A to Zee, because 75% of Debtor's interest in A to

6

Zee was never scheduled and thus, never abandoned. Ms. Peterson previously relied on Ms. Woldeyohannes's waiver of her Chapter 7 discharge and circumstances surrounding the waiver, including pre-2011 Case state court litigation, to argue the Debtor owned 100% of A to Zee on the day the 2011 Case was commenced.

The Chapter 7 Trustee's Final Account and Distribution Report (the "Trustee's Final Report") certifies the estate was fully administered. ECF No. 187. But, the Trustee's Final Report also indicates in relation to A to Zee that the following was fully administered: "Debtor's interest as claimed on schedule is 25%. Examination of tax returns indicates ownership interest from 50% to 100%." ECF No. 187, p. 5. The court acknowledges the language in the Trustee's Final Report creates uncertainty regarding the status of any ownership interest greater than 25%. Applying the law to the schedules, if Ms. Peterson prevails in her argument that Ms. Woldeyohannes owned 100% of A to Zee on the petition date for the 2011 Case, then the court could conclude that any excess percentage of the asset greater than 25% not scheduled, abandoned, or administered remains in the estate. The court agrees the Chapter 7 Trustee must identify assets, if any, that remain in the bankruptcy estate that are subject to distribution. Notably, a Chapter 7 Trustee may affirmatively abandon any property of the estate that is burdensome or of inconsequential value and benefit to the estate. 11 U.S.C. § 554.

It is unlikely the reopening of the 2011 Case will prejudice any party. The Debtor's pre-petition interest in A to Zee was property of the 2011 Case and completing administration of the asset should not prejudice her. The reopening might benefit the Debtor because the case will be administered to completion, averting future confusion regarding any remaining assets.

7

Ms. Peterson seeks to reopen the 2011 Case more than ten years after its closing and so faces a high burden.  Determining the answer to the identified ambiguity regarding the ownership interest of A to Zee will overall aid judicial efficiency since is a related pending state court case where such information may be relevant and prove useful to any related future litigation.  *See* Connecticut Superior Court, HHD-CV23-5078361-S, *Peterson, Alyssa, S v. Law Offices of Patrick W. Boatman, LLC et al*.  The information may also serve to resolve ambiguity regarding its impact on the Sale Order in the 2018 Case.

However, Ms. Peterson has not established cause to reopen the 2011 Case for any other purpose.  Ms. Peterson will not be permitted to bring additional claims against the Debtor or others in this 2011 Case.  The higher bar to reopen a fourteen year old case at this late date has not been met.  The adversary proceeding complaint and request for judicial notice will not be considered because they were filed while this case was closed and are not within the limited scope of the permitted reopening of the 2011 Case.

For the absence of doubt, although the case will be reopened, the court does so for the limited purpose of authorizing the United States Trustee to appoint a Chapter 7 Trustee to determine whether assets remain in the estate subject to distribution to creditors or abandonment.  No party in interest will be permitted to pursue other claims.  Any motions or other documents that might be filed in the future seeking to exceed this limited purpose will be disregarded.

The court considered all other arguments and finds them to be unpersuasive.

*Conclusion*

For these reasons, the court will reopen the 2011 Case for the limited purpose of determining whether assets remain in the estate subject to distribution or abandonment pursuant to 11 U.S.C. § 350(b).

Accordingly, it is hereby,

**ORDERED**:  Ms. Peterson's Motion to Reopen, ECF No. 215, is GRANTED IN PART for a limited purpose consistent with this decision; and it is further

**ORDERED**:  The United States Trustee is directed to appoint a Chapter 7 Trustee for a limited purpose consistent with this decision; and it is further

**ORDERED**:  Any Chapter 7 Trustee appointed by the United States Trustee shall file a report clarifying whether there are unadministered assets in this Chapter 7 case by no later than October 31, 2025, subject to any further court order regarding timing for such a report; and it is further

**ORDERED**:  ECF Nos. 248 and 251, filed while the 2011 Case was closed, are disregarded.

Dated this 15th day of August, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut